May Term, 1852.

CONKLIN
v.
WALTZ.

## CONKLIN *v.* WALTZ.

A special plea of set-off which professes to answer the whole declaration, but answers only a part, is bad on general demurrer.

Monday,
May 31.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Waltz* against *Conklin*. The suit is founded on a promissory note given by the defendant to the plaintiff for 175 dollars, and also on an account stated for 175 dollars. The declaration alleges as a breach, that the defendant had not paid the said several sums of money nor either of them, nor any part thereof.

The defendant pleaded two pleas. First, *nil debet*, with a notice of set-off. Secondly, *actio non*, for that one *Johnson*, on the 24th of *August*, 1847, at, &c., recovered a judgment against *Waltz*, the now plaintiff, for 162 dollars and 81 cents, with costs, which judgment had been assigned to the now defendant.

Replication to the second plea. Rejoinder to the replication. Surrejoinder to the joinder. Rebutter to the surrejoinder, and a general demurrer to the rebutter.

The Court sustained the demurrer.

The cause was submitted to the Court on the general issue and notice of set-off. Judgment for the plaintiff.

The evidence is not set out in the record; and the only question is, was the demurrer rightly sustained?

It appears to us that the second plea is insufficient; and we need not, therefore, examine the subsequent pleadings.

There are two causes of action described in the declaration. One is a promissory note for 175 dollars. The other is an account stated for 175 dollars. The amount claimed, therefore, exclusive of interest, is 350 dollars.

The second plea professes to be in bar of the whole cause of action; but relies only on a judgment for 162 dollars and 81 cents rendered against the now plaintiff in 1847.

This special plea of set-off is, therefore, bad on the ground that it professes to answer the whole cause of action, and is, at most, but an answer to a part.

The matters of set-off in a notice annexed to the general issue, or to a plea of payment, may be for a less sum than that sued for; but a separate plea of set-off stands on the same ground with other special pleas, and it must not profess to be an answer to more than it really does answer.

The judgment for the plaintiff on the demurrer is therefore right.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. Rariden* and *S. W. Parker*, for the plaintiff.

*J. S. Newman*, for the defendant.